PD-1596-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/29/2015 12:38:19 AM
Accepted 12/29/2015 4:01:42 PM
ABEL ACOSTA
CLERK

NO. PD-1596-15

IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS

_____

WILLIAM DEWAYNE WHITE
PETITIONER
V.
THE STATE OF TEXAS

_____

PETITION FOR DISCRETIONARY REVIEW
IN TRIAL COURT CAUSE NUMBER: CR-14-25152
FROM THE 336TH DISTRICT COURT OF FANNIN COUNTY,
TEXAS AND FROM THE SIXTH COURT OF APPEALS OF TEXAS
IN TEXARKANA TEXAS, CAUSE NUMBER: 06-15-00078-CR

_____

STATE'S RESPONSE TO PETITION

_____

William S. Porter
State Bar No. 24068385
Assistant Criminal District Attorney
Fannin County, Texas
101 East Sam Rayburn Dr., Ste 301
Bonham, Texas 75418
Telephone: (903) 583-7448
Fax: (903) 583-7682
Email: wporter@fanninco.net

ATTORNEY FOR THE STATE

FILED IN
COURT OF CRIMINAL APPEALS

December 29, 2015

ABEL ACOSTA, CLERK

i

# IDENTITY OF THE PARTIES AND COUNSEL

The parties are the Petitioner, and his attorneys and the State of Texas. The names of those persons are:

Trial Judge:       The Honorable Laurine Blake
Court:          336th Judicial District Court

Petitioner:        William Dewayne White

Counsel for Petitioner, at Trial:  Jon O'Toole
             The Law Office Jon O' Toole
             6401 Eldorado Parkway, Suite 336
             McKinney, TX 75070
             Phone: 972-548-7167
             Fax: 972-548-7168

Counsel for Petitioner on Appeal: Steven R. Miears
             211 North Main
             Bonham, Texas 75418
             Telephone: 903-640-4963
             Fax: 903-640-4964

Respondent:       The State of Texas

Respondent Counsel     Richard E. Glaser
             Criminal District Attorney
             Fannin County Criminal District
             Attorney's Office
             101 East Sam Rayburn Drive
             Bonham, TX 75418
             Telephone: (903) 583-7448
             Fax: (903) 583-7682

Respondent Counsel on Appeal:  William S. Porter
             Assistant Criminal District Attorney
             Fannin County Criminal District
             Attorney's Office

# TABLE OF CONTENTS

**Identity of the Parties and Counsel** ............................................................. ii

**Table of Contents** ...................................................................................... iii

**Index of Authorities** ................................................................................. iv

**Statement of the Case and Procedural History**............................................. 1

**Response to Petitioner's Ground for Review**............................................... 2

**Argument and Authorities** ......................................................................... 3

Ground Number One – Are sections 481.112 and 481.134(d) of the

Health and Safety Code separate offenses ............................................ 2

Ground Number Two – Does the Health and Safety Code section

481.134(d) require proof of a culpable mental state to support a

jury finding at trial that an offense was committed in a drug free

zone ...................................................................................................... 6

Ground Number Three – Should an Alternate Juror be allowed to

leave the courthouse before the regular jury returns a verdict,

absent a motion to sequester the alternate made by a party

.............................................................................................................. 7

**Prayer**........................................................................................................ 9

**Certificate of Service**................................................................................ 10

**Certificate of Compliance** ........................................................................ 11

## INDEX OF AUTHORITES

| State Cases | Page |
|---|---|

*Bridges v. State*, 454 S.W.3d 87 (Tex. App. —Amarillo 2014)..…......….......... 3

*Callen v. State*, 303 S.W. 3d 322 (Tex. App. —Eastland 2009) …..…......…. 8

*Delgado v. State*, 2008 Tex. App. LEXIS 4229 (Tex. App. —El Paso 2008)
……………………………………………………………….…… 8

*Fletcher v. State*, 2012 Tex. App. 3437 (Tex. App. —San Antonio 2012)……………………………………………….…… 8

*Florence v. State,* 2014 Tex. App. LEXIS 8024 (Tex. App. —Fort Worth 2014) ………………………………………………...… 8

*Fluellen v. State*, 454 S.W.3d 152 (Tex. App. —Texarkana 2003, no pet.).. 6

*Harris v. State*, 125 S.W.3d. 45(Tex. App.—Austin 2003, pet. dism'd)…... 4

*Johnson v. State*, 2007 Tex. App. LEXIS 2098, 2007 WL 806317 (Tex. App. —Dallas Mar. 19, 2007) (not designated for publication)……….…......…. 5

*Kelch v. State*, 1998 Tex. App. LEXIS 6277 (Tex. App. —Amarillo 1998). 8

*Krueger v. State*, 843 S.W. 2d. 726 (Tex. App. —Austin 1992, pet. ref'd (per curium)…………………….…………………..……………….…… 8

*Nicholas v. State,* 1997 Tex. App. LEXIS 6655 (Tex. App. —Houston [1st Dist.] 1997)…………………………………………….…… 8

*Polk v. State*, 367 S.W. 3d 449, 454 (Tex. App. —Houston [14th Dist.] 2012) …………………………………………………….. 8

*Sanchez v. State*, 906 S.W. 2d 176 (Tex. App. —Fort Worth 1995, pet. ref'd & pet. dism'd)……………………………………………. 8

*Uribe v. State*, 573 S.W.2d 819 (Tex. Crim. App. 1978) ………………….. 6

*Williams v. State*, 127 S.W.3d 442 (Tex. App. — Dallas 2004, pet. ref'd)... 6

## Texas Statutes                                                        Page

TEX. CODE CRIM. PROC. ANN. art. 33.011…………….............…………….. 9

TEX. CODE CRIM. PROC. ANN. art. 35.23………………………………… 7

## NO. PD-1596-15

## IN THE COURT OF CRIMINAL APPEALS
## FOR THE STATE OF TEXAS

-------

## WILLIAM DEWAYNE WHITE
## PETITIONER
## V.
## THE STATE OF TEXAS

-------

## PETITION FOR DISCRETIONARY REVIEW
## IN TRIAL COURT CAUSE NUMBER: CR-14-25152
## FROM THE 336TH DISTRICT COURT OF FANNIN COUNTY, TEXAS
## AND FROM THE SIXTH COURT OF APPEALS OF TEXAS IN
## TEXARKANA TEXAS, CAUSE NUMBER: 06-15-00078-CR

-------

TO THE HONORABLE JUDGES THE COURT OF CRIMINAL APPEALS OF THE STATE OF TEXAS:

COMES NOW THE RESPONDENT, THE STATE OF TEXAS, by and through its CRIMINAL DISTRICT ATTORNEY, Richard E. Glaser, and ASSISTANT DISTRICT ATTORNEY, William S. Porter, and respectfully submits this response to the Petitioner's request for discretionary review.

### STATEMENT OF THE CASE AND PROCEDURAL HISTORY

The State generally accepts Petitioner's statement of the case and procedural history except as set forth in specific arguments below.

1

## RESPONSE TO PETITIONER'S GROUND FOR REVIEW

**Ground Number One – Are sections 481.112 and 481.134(d) of the Health and Safety Code separate offenses?**

A. There is no conflict between other courts of appeals on the same issue.

B. This question was not asked by the Petitioner in his Appellant's brief, thus the opinion of the Sixth Court of Appeals did not decide that question.

C. The trial court and the Sixth Court of Appeals properly applied sections 481.112 and 481.134(d) of the Health and Safety Code.

**Ground Number Two – Does the Health and Safety Code section 481.134(d) require proof of a culpable mental state to support a jury finding at trial that an offense was committed in a drug free zone?**

A. There is no conflict between other courts of appeal on the same issue.

B. The opinion of the Sixth Court of Appeals followed the holdings of other courts of appeals, as this important question has been previous settled.

C. The trial court and the Sixth Court of Appeals properly applied sections 481.112 and 481.134(d) of the Health and Safety Code.

**Ground Number Three – Should an Alternate Juror be allowed to leave the courthouse before the regular jury returns a verdict, absent a motion to sequester the alternate made by a party?**

A. The opinion of the Sixth Court of Appeals concluded the Petitioner did not make a timely objection nor did he make a request to sequester the jury, both of which are settled matters.

B. The trial court and the opinion of the Sixth Court of Appeals properly applied articles 33.011 and 35.23 of the Code of Criminal Procedure

## ARGUMENT AND AUTHORITIES

**Ground Number One – Are sections 481.112 and 481.134(d) of the Health and Safety Code separate offenses?**

Petitioner's Ground One for in requesting review was not a question that was posed to the Sixth Court of Appeals, therefore it was not answered by it. The Petitioner in asking this question for the first time on request for review is seeking to create a conflict, with his flawed interpretation of both the Sixth Court of Appeals opinion and the opinions of other courts of appeals. Additionally, the Petitioner, through assumptions and inaccurate reasoning, creates questions of state law that he believes are not settled.

In the opinion written by the Sixth Court of Appeals there is no discussion of whether the sections 481.112 and 481.134(d) are separate offenses. The opinion does cite to *Bridges v. State*, which stated "a good deal of authority holds that the State need not prove a culpable mental state with respect to the location of the

3

offense." 454 S.W. 3d 87, 88 (Tex. App. —Amarillo 2014, pet. ref.d). That is where the Sixth Court of Appeal left the issue.

The Petitioner assumes that by citing *Bridges*, it "decides here that 481.134(d) is not a separate offense from 481.112." Had the Sixth Court performed an analysis of whether the offenses were separate it could have quoted the portions of Bridges that state the offense are separate. Not being asked to address the issue of whether two separate offenses existed by the Appellant, they did not answer that question.

As to the assertion that the 'same issue' remaining unsettled between the courts, the Petitioner cites two cases to support this claim: *Harris* and *Johnson*. In *Harris v. State*, the Third Court of Appeals was asked to determine if it was appropriate for the State to allege the drug-free zone as part of the guilt/innocence stage of the trial, pursuant to section 481.134(d) of the Health and Safety Code. 125 S.W.3d 45, 47-53 (Tex. App —Austin 2003). In *Harris,* the Third Court of Appeals concluded the trial court did not err by treating the state jail felony delivery of controlled substances as a lessor included of the Third degree felony delivery of a controlled substances in a drug free zone. In that sense the Harris court stated "These are two separate and distinct offenses." *Id.* at 50.

This is not the 'same issue' at question in this case. In this case the question is whether proof of a culpable mental state is required to support a jury finding at

4

trial that an offense was committed in a drug free zone. The Seventh Court of Appeals in *Bridges* also was asked to decide that issue. Bridges, 454 S.W.3d 87. When confronted with *Harris*, the Seventh Court concluded, "*Harris* does not lend *direct support* to the appellant's contention that the State must prove a culpable mental state as to the location of the offense within a drug-free zone." *Id.* at 88. (Italics added for emphasis). *Harris* did not lend 'direct support' the Court reasoned because of the "context of the discussion." *Id.* *Harris* was not addressing a mental state requirement for a drug-free zone.

The second case cited by the Petitioner is *Johnson v. State*. 2007 Tex. App. LEXIS 2098, 2007 WL 806317, (Tex. App. —Dallas Mar. 19, 2007) (not designated for publication). *Johnson* is an unpublished Fifth Court of Appeals' opinion that deals with an appellant who plead open to the trial court for punishment on a delivery of controlled substance in a drug-free zone case. *Id.* The issue in *Johnson* was whether it was correct for the trial court to find the appellant guilty of a third degree felony. The court found it was appropriate under section 481.134(d) of the Health and Safety Code because the language of section was clear and unambiguous. *Id.* at 7. The court did state that the section created a separate and different offense from 481.112 but does not address the issue of whether a culpable mental state applies to the drug-free zone finding. *Id.* at 6-8. *Johnson* does not address the 'same issue' as the current case.

In its opinion, the Sixth Court of Appeals found, like the Fifth Court of Appeals did in *Johnson*, that Section 481.134(d) "raises the level of offense" for drug-free zone cases. The Sixth Court then followed the rulings of other courts of appeals by holding "the State need not prove a culpable mental state with respect to the location of the offense." *Bridges*, 454 S.W.3d. at 88. This ruling does not conflict with *Harris* or *Johnson*, nor does it conflict with *Williams v. State*. See 127, S.W.3d 442 (Tex. App. — Dallas 2004, pet. ref'd). The ruling of the Sixth Court properly interprets and applies sections 481.112 and 481.134(d) because the result is clear and unambiguous.

**Ground Number Two – Does the Health and Safety Code section 481.134(d) require proof of a culpable mental state to support a jury finding at trial that an offense was committed in a drug free zone?**

In his request for review, the Petitioner provides no case law that directly supports his argument that section 481.134(d) requires a culpable mental state to be applied to the drug-free zones. On the contrary numerous courts have stated otherwise. See *Bridges*, 454 S.W. 3d at 88 (citing *Uribe v. State*, 573 S.W. 2d 819, 821 (Tex. Crim. App., 1978); See *Williams v. State*, 127 S.W.3d at 445; See *Fluellen v. State*, 454 S.W.3d 152, 165-66 (Tex. App. —Texarkana 2003, no pet.). The *Harris* case and the *Johnson* case do not address these specific issues, and

6

when considered by other courts of appeals found not to apply. See *Bridges*, 454 S.W. 3d at 88.

Pursuant to the Sixth Courts opinion, the plain language of 481.112 and 481.134(d) leads to the following result: At trial the trier of fact hears the facts, and assuming it believes beyond a reasonable doubt, the defendant intentionally or knowingly delivered a controlled substance listed in penalty group one, in an amount less than 1 gram, it would state as much the verdict. Once proven, the trier of fact then determines if the offense took place in a drug free zone. The culpable mental state, already proven, is not again applied. If it is found the offense took place in a specific location, as defined by another subsection, the level of offense is increased to a third degree felony. This application is clear, unambiguous, and supported by numerous other courts of appeal. Further settlement of the issue is not needed.

**Ground Number Three – Should an Alternate Juror be allowed to leave the courthouse before the regular jury returns a verdict, absent a motion to sequester the alternate made by a party?**

The simple answer to the question posed by the Petitioners Ground Three is "Yes". Absent a motion to sequester, as laid out in article 35.23, the court may allow sworn jurors to separate, and this should including the alternate. TEX. CODE CRIM. PROC. ANN. art. 35.23 (West).

7

The opinion, of the Sixth Court of Appeals, held the Petitioner's Third Ground [1] was not preserved at trial. The Petitioner did not ask for the jury, including the alternate, to be sequestered, thus could not have objected to the alternate being substituted after being "in recess." The Sixth Court asserts the time to have objected was when the trial court allowed the alternate to leave, not after. The Sixth Court references a Second Court of Appeals case, *Sanchez v. State*. 906 S.W. 2d 176, 178 (Tex. App. —Fort Worth 1995, pet. ref'd & pet. dism'd) (citing Krueger v. State, 843 S.W. 2d 726, 728 (Tex. App. —Austin 1992, pet. ref'd (per curiam)). In *Sanchez* the Second Court reversed a conviction because the appellant made a timely request for sequester under Article 35.23. *Id.* Numerous other courts have cited *Sanchez*, as support for the argument that unless an appellant invokes his right to have the jury sequestered in a timely manner, he has waived it. See *Florence v. State*, 2014 Tex. App. LEXIS 8024 at 9 (Tex. App. —Fort Worth 2014); See *Fletcher v. State*, 2012 Tex. App. 3437 at 11 (Tex. App. —San Antonio 2012); See *Polk v. State*, 367 S.W. 3d 449, 454 (Tex. App. —Houston [14th Dist.] 2012); See *Callen v. State*, 303 S.W. 3d 322, 326 (Tex. App. —Eastland 2009); See *Delgado v. State*, 2008 Tex. App. LEXIS 4229 at 2 (Tex. App. —El Paso 2008); See *Kelch v. State*, 1998 Tex. App. LEXIS 6277 at 6 (Tex. App. —Amarillo 1998); See *Nicholas v. State*, 1997 Tex. App. LEXIS 6655 at 5 (Tex. App.

---

[1] Ground Three was Issue One in the Appellant's Brief to the Sixth Court of Appeals.

8

—Houston [1st Dist.] 1997). In citing *Sanchez*, the Sixth Court joins a majority of the courts of appeal, in holding the Petitioner waived his right by not requesting sequester of the alternate juror at time the trial court allowed separation. This matter is settled law that requires no further review.

The last point left for consideration is should Article 35.23 apply to alternate jurors. The Petitioner asserts Article 35.23 does not apply to alternate jurors, but that Article 33.011 alone applies. Article 33.011 states that, "Alternate jurors shall … take the same oath, and shall have the same functions, powers, facilities, security, and privileges as regular jurors." Tex. Code Crim. Proc. Ann. art. 33.011 (West). A clear reading of Article 33.011 would indicate the privilege to separate, absent a motion to sequester pursuant to Article 35.23, would apply to the alternate juror. The Petitioner unsupported assertion that 35.23 does not apply does not hold up. This ground of review do not contain a conflict or answer an unsettled question.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, there being no grounds for review appearing in the record of the trial court of this case and no error in the Sixth Court of Appeals opinion the State moves this Court deny the Petitioner's request for discretionary review. The State further prays for any and all such additional relief as the Court may deem just and appropriate.

9

Dated: December 29, 2015

Respectfully submitted,

William S. Porter
State Bar No. 24068385
Assistant Criminal District Attorney
Fannin County, Texas
101 E. Sam Rayburn Drive, Suite 301
Bonham, Texas 75418
Telephone: (903) 583-7448
Fax: (903) 583-7682
ATTORNEY FOR THE STATE

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that a true and correct copy of the above foregoing brief was sent via email to counsel for the Petitioner, Steven Miears on this the 28rd day of December, 2015.

William S. Porter
Assistant Criminal District Attorney
Fannin County, Texas

## CERTIFICATE OF COMPLANACE

I, the undersigned attorney, hereby certify that foregoing documents contains 1,951 words, exclusive of the portions described by Tex. R. App. P. 9.4(i)(1), as computed by the computer program used to prepare this document.

William S. Porter
Assistant Criminal District Attorney
Fannin County, Texas